## Spence *vs* Sprinkle.

ERROR TO THE LEWIS CIRCUIT.

*Appeal.    Discovery.    Parties in appeal from Justices.*

JUDGE EWING delivered the Opinion of the Court.

SPRINKLE recovered judgment in the Circuit Court, in an appeal from a justice of the peace, upon a case submitted to the judge, for twenty five dollars and costs; and Spence has brought the case to this court.

Sprinkle exhibited, as a statement of his case in the Circuit Court, a bond on Royster & Mears for rent corn, executed to Spence and assigned by him to Sprinkle, and the recovery of judgment thereon in the name of Spence, for twenty five dollars, after the assignment, by the permission of Sprinkle, and the collection of the money by Spence, and his failure to account to Sprinkle for the same.

Spence set up, in avoidance of this demand, that the assignment of the rent bond was made for a consideration "wholly illegal, fraudulent, and void in law, and without consideration;" and exhibited his affidavit, in which he swore to the matter set up in avoidance, and alleged "that he could not disclose the consideration without rendering himself and Sprinkle both criminally responsable for an offence made penal by the laws of the Commonwealth."

Upon this affidavit he moved the Court for a summons, and then for an attachment against Sprinkle to compel him to answer to the matter in avoidance. The Court overruled his motions, and Spence being present and refusing to answer to the account stated by the counsel of Sprinkle, though required so to do, the Court took the same as confessed and rendered judgment therefor.

It was obviously intended by the act of 1809, *Statute Law*, 891, to apply to trials before justices of the peace the rules, and to confer upon justices the powers exercised by courts of equity, in compelling a discovery of matters

APPEAL.

*Case 12.*

*October 21.*

Case submitted to the Judge.

By the act of 1809, Stat. Law, 891, the same power is conferred on justices of the peace

SPENCE
vs
SPRINKLE.

that was before exercised by cts. of chancery, in compelling discovery, and no more.

The chancellor cannot compel a disclosure which would criminate the party or subject him to a penalty, nor can a justice.

By the statute of 1828, that of 1809 is made to apply to trial in appeals before the circuit court.

The circ't court, on trials of appeals, have no right to compel a party to disclose that which would criminate him or subject him to a penalty.

If a party, on the trial of an appeal in the circuit court, refuse to attend when summoned, or being in court, refuse to answer interrogatories, judgment may be entered against him for his failure.

within the knowledge of either party: but it could never have been within the contemplation of the legislature to confer on them more enlarged powers, or powers which a chancellor could not exercise.

And as the chancellor could not compel a party to answer to matters which would criminate himself or subject him to a penalty, neither can a justice do so.

And as the provisions of the act of 1809 are made applicable to the trial of appeals before the circuit court, by the act of 1828, Statute Laws, 902, the powers alone which could be exercised by justices may now be exercised by the circuit court.

As it appears, therefore, by the affidavit of Spence, that the matter which he desired Sprinkle to discover, if discovered would criminate him, he had no right to ask the discovery, nor had the court the legal right to coerce it had he been present in court.

It is true, the right to refuse to answer was a personal privilege which Sprinkle might have waived, had he been present, yet as he had been summoned and refused to attend, and as, from his non-attendance as well as from the consequences which might accrue to him from a development, according to the showing of Spence, it is to be presumed that had his appearance been coerced that he would not have waived his privilege, but would have availed himself of it and refused to answer. We cannot, therefore, say that the Circuit Court abused a sound discretion in refusing the attachment, or in not delaying the cause with a view to his appearance.

The suggestion in the affidavit, that the assignment was without consideration is repugnant to, and contradicted by the admission that there was a consideration which was vicious.

And as Spence, though present in Court, refused to answer on oath to the account stated by Sprinkle, though required so to do, it was competent for the Court to take it as admitted and render judgment against him.

Wherefore, the judgment is affirmed with costs, &c.

*Hord* for plaintiff: *Payne & Waller* for defendants.